UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

                                                    Case No.: 8-16-70319-ast

Christopher Cannella and
Rosetta Cannella,                                            Chapter 7

                               Debtors.
-------------------------------------------------------X

## ORDER DENYING MOTION TO ENTER INTO
## REAFFIRMATION AGREEMENT

On January 27, 2016, Debtors filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").[1]

On May 3, 2016, Debtors filed an application with the Court seeking the approval of a reaffirmation agreement (the "Reaffirmation Agreement") made April 14, 2016 with JPMorgan Chase Bank, National Association ("Lender") with respect to debts secured by a mortgage (the "Mortgage") held by Lender encumbering Debtors' residence located at 419 Spangle Drive, North Babylon, New York 11703. [dkt item 30] According to the Reaffirmation Agreement, Debtors seek to reaffirm $250,971.14 in debt, but they have a monthly deficit of expense over income of $233.45 according to Debtors' Schedules I and J. Thus, entering into the Reaffirmation Agreement would presumptively impose an undue hardship on Debtors. *See* 11 U.S.C. § 524(m).

On May 4, 2016, the Court issued a Notice of Hearing on the Reaffirmation Agreement and scheduled a hearing for June 21, 2016. [dkt item 31] The hearing on June 21, 2016 was held and was adjourned to July 19, 2016 for the Court to determine whether the presumption of undue hardship had been rebutted. *See* 11 U.S.C. § 524(m).

---

[1] Unless otherwise indicated, all statutory references are to the Bankruptcy Code.

1

On July 8, 2016, Debtor Rosetta Cannella filed an affidavit (the "Affidavit"), wherein she states that she complained to Lender that (1) she was not receiving mortgage statements and (2) the credit reporting agencies (the "Credit Agencies") were not being notified of her timely mortgage payments. *See Affidavit* at ¶ 3. Mrs. Cannella further states in her Affidavit that Lender refused to report her payments to the Credit Agencies unless the debt on the Mortgage was reaffirmed. *Id*. at ¶ 4.

On July 19, 2016, the Court continued the hearing on the Reaffirmation Agreement and further adjourned the matter to August 23, 2016.

At the August 23, 2016 hearing, the Court set a briefing schedule for the parties and directed the parties to brief whether Lender's requirement that a discharged debt be reaffirmed as a condition for Lender's reporting of Debtors' payments violates applicable law.

The parties filed their respective briefs and the Court took the matter on submission. [dkt items 50, 60]

On October 27, 2016, the Court entered an Order granting a discharge to each Debtor pursuant to § 727. [dkt item 56] Thus, Debtors were discharged of any personal liability on the loan obligations secured by the Mortgage.

In their brief, Debtors "concede[] [there is] no authority for the proposition that a creditor is in violation of the [Fair Debt Collection Practices Act ("FDCPA")] by not reporting current mortgage payments of the discharged debtor". *Debtors' Memorandum of Law*, at p. 2. [dkt item 50] Because Debtors have not presented a *prima facie* claim of a violation of the FDCPA by Lender, the Court does not reach a decision as to whether Lender's requirement that Debtors first reaffirm the debt underlying the Mortgage before Lender will notify the Credit Agencies of timely payments made by Debtors is improper.

Debtors also acknowledge that "[Lender's] refusal to give positive credit reporting without a 524 reaffirmation *may not* violate the discharge injunction." *Id*. (emphasis added). Debtors do not posit an actual claim for a discharge injunction violation or present any authority in support of such a position; rather, Debtors contend that Lender's request that they reaffirm the debts underlying the Mortgage as a condition for Lender's reporting to the Credit Agencies *could* be violative of their discharge. Debtors also argue that if a creditor does report a borrower's payment, then that creditor must report accurately, and that the failure to accurately report has been found to be a violation of the discharge.

However, based on the facts here, Debtors have not established that Lender has any obligation to report payments on the debts secured by the Mortgage to the Credit Agencies in the first instance. Thus, the Court need not decide whether Lender's requirement that Debtors reaffirm the debts underlying the Mortgage in order for Lender to notify the Credit Agencies of Debtors' payments is a violation of Debtors' discharge.

Finally, Debtors have not overcome the presumption of undue hardship with respect to the Reaffirmation Agreement. While they desire to have Lender issue monthly payment statements and report Debtors' timely mortgage payments to the Credit Agencies, this is not a sufficient basis to authorize Debtors to reaffirm $250,971.14 in debt, particularly where they provided in the Reaffirmation Agreement and in Schedules I and J that they have a monthly deficit of $233.45.

For the above reasons, it is hereby

Case 8-16-70319-ast    Doc 69    Filed 04/18/17    Entered 04/19/17 11:03:27

**ORDERED**, that the Debtors' request for approval of the Reaffirmation Agreement is DENIED.



Dated: April 18, 2017
Central Islip, New York

Alan S. Trust
United States Bankruptcy Judge

**ORDERED**, that the Debtors' request for approval of the Reaffirmation Agreement is DENIED.



**Dated: April 18, 2017**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**